IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRACY RHINE,

    Plaintiff,

v.                                         Civil Action No. 5:12CV67
                                                      (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**ORDER OF DISMISSAL,
DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT AS MOOT,
DENYING PLAINTIFF'S MOTION TO
TRANSFER WASECA PORTION AS MOOT,
DENYING PLAINTIFF'S MOTION TO
TRANSFER ILLINOIS PORTION AS MOOT,
DENYING PLAINTIFF'S AMENDED MOTION IN
LIEU OF MEDICAL SCREENING AS MOOT AND
AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AS FRAMED**

The pro se[1] plaintiff's complaint alleges that the government, via its Bureau of Prison ("BOP") personnel and medical providers at three different BOP facilities: Greenville, Illinois; Waseca, Minnesota; and Hazelton SFF, negligently failed to timely diagnose her pre-existing right shoulder condition, a torn right shoulder tendon; failed to provide her with proper and timely chronic care treatment; ensure that she be cuffed in the front instead of behind her back to avoid exacerbating the injury; and failed to provide

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

her with a surgical repair.[2] Although she concedes that she was given some medical care, she contends that the care she received was inadequate and improper. As relief, she requested One Hundred Thousand Dollars ($100,000.00) in monetary damages, as well as all costs, including costs incurred by necessary travel and lodging, incident to pursuing this case, and injunctive relief in the form of an order directing the BOP to surgically repair her shoulder.

On December 13, 2012, United States Magistrate Judge James E. Seibert issued a report and recommendation, recommending that plaintiff's FTCA claims against BOP staff and providers at Hazelton in West Virginia, contained in parts of Count I and II, as well as Count III, be dismissed with prejudice, and that plaintiff should file a brief by December 27, 2012, explaining why the remaining FTCA claims against the BOP providers in Illinois and Minnesota should not be severed and transferred to those districts. On December 26, 2012, plaintiff responded with a "motion showing cause." The plaintiff then filed a motion to amend the complaint (ECF No. 43); a motion to transfer Waseca portion of complaint (ECF No. 44); a motion transfer and toll limitations of Illinois portion of complaint (ECF No. 45); and an amended complaint (ECF No. 48) and an amended motion in lieu of medical screening certificate of merit West Virginia Code 55-7B-6(c) [sic] (ECF No. 49).

---

[2] A more thorough discussion of the background of this cause of action is provided in ECF No. 50, Order to Show Cause and Vacating Prior Order of this Court.

2

This Court then entered an order to show cause and vacating its prior order granting in forma pauperis status to the plaintiff (ECF No. 50). The plaintiff is barred by the three strikes rule of 28 U.S.C. § 1915(g) from filing any civil action in forma pauperis unless she first shows that she is in imminent danger of serious physical harm. That order informed the plaintiff that a PACER search of petitioner's filings indicated that plaintiff is not entitled to proceed in forma pauperis under 28 U.S.C. § 1915(g).

Further, the order found that since July 2010, excluding a motion to vacate under 28 U.S.C. § 2255 and including this action, the plaintiff has initiated 20 actions in the four districts where she was incarcerated. At least six of those cases have been dismissed as frivolous or for failure to state a claim; at least three of those dismissals were accrued before the plaintiff filed the instant action.[3] Two other cases, filed before the instant

---

[3]In the Northern District of Texas, Case No. 4:11CV26, a civil rights action was dismissed for failure to state a claim; in the Northern District of Texas, Case No. 4:11CV76, a civil rights action, the court entered an order partially dismissing the case as frivolous and for failure to state a claim–the plaintiff appealed the partial dismissal to the United States Court of Appeals for the Fifth Circuit, where the judgment of the Northern District of Texas was affirmed, and she was warned she already had two strikes. In the Northern District of Texas, Case No. 3:11CV698, a civil rights action, the action was dismissed as frivolous and plaintiff was again warned of the three strikes rule; in the Northern District of Texas, Case No. 4:12CV64, a civil rights action, the case was dismissed for failure to state a claim; the plaintiff appealed it to the Fifth Circuit, where the judgment of the Northern District of Texas was affirmed and it was noted that she had accumulated three strikes. See Case No. 12-10440. In the Southern District of Illinois, Case No. 3:12CV214, yet another civil rights action, the

3

case, but dismissed shortly after it was filed, were "three strikes" dismissals.

Thus, this Court found that because plaintiff has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted, based on the strikes she has accumulated, she may not file another complaint without prepayment of fees unless she is in "imminent danger of serious physical injury." Moreover, this Court found that to the extent that plaintiff alleges that she suffers from an inadequately-treated pre-existing shoulder injury, she fails to state a claim which would suggest that she is in imminent danger of serious physical injury, let alone in any danger at all.

Additionally, this Court noted that it was aware that the plaintiff has been released from custody since filing her complaint. However, § 1915(g) begins: "In no event shall a prisoner **bring** a civil action or appeal" if on three or more occasions [s]he has brought a suit that qualifies as a strike. 28 U.S.C. § 1915(g) (emphasis added). The use of the word "bring" offers a clear indication that the provision goes into effect and bars the suit under the in forma pauperis section at the moment the

---

case was dismissed for failure to state a claim; the plaintiff was again warned that the dismissal counted as a strike under the three strikes rule. In this district, the plaintiff has had two other FTCA actions dismissed pursuant to the three strikes rule. See Case No. 5:13CV31 and 3:13CV21.

4

plaintiff filed her complaint.  See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (in determining when the "imminent danger" exception applies, noting that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made").  "Had Congress intended that the three strikes rule would no longer apply once a prisoner has been released, it would have written the statutory provision differently."  Harris v. City of New York, 607 F.3d 18 (2d Cir. 2010).  Therefore, because the plaintiff was a prisoner when she brought this action, the text of the statute mandates that the three strikes rule apply.

Finally, this Court instructed the plaintiff in its order that failure to show cause in the allotted time would result in the dismissal of this case.  The plaintiff has not filed a response within the time given and thus has failed to show cause why this case should not be dismissed.

Based on the above, this Court finds that this case should be DISMISSED WITHOUT PREJUDICE.  Additionally, the plaintiff's motion to amend her complaint, motion to transfer the WASECA portion, motion to transfer the Illinois portion, and motion to amend complaint in lieu of medical screening are DENIED AS MOOT.  Finally, this Court AFFIRMS AND ADOPTS AS FRAMED the magistrate judge's report and recommendation in so far as it dismissed the plaintiff's complaint.  However, this Court dismisses without

5

prejudice so that the plaintiff may re-file this cause of action if legally appropriate to do so but she must do so without in forma pauperis status.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this order to the pro se plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket, and to the Financial Deputy Clerk, the Financial Trustee, and the Warden at Hazelton SFF.

DATED: October 21, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE